UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
3/11/14
Date                    Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CARMELITA SANTIAGO,
    Plaintiff,

CASE NO.:
6:14-cv-394-ORL-36GJK

vs.

GOODMAN and STERN, LLC,
and JAMAR CHRISTIAN,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, CARMELITA SANTIAGO [hereinafter Plaintiff] by and through undersigned counsel, and sues Defendants, GOODMAN AND STERN, LLC and JAMAR CHRISTIAN [hereinafter Defendants], and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA) by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in that the Defendant is headquartered in Orange County, Florida.

### PARTIES

4. Plaintiff is a natural person who resides in New York, New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

5. Defendant, Goodman & Stern, LLC is a collection agency headquartered in Orange County, Florida and is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a (6).

6. Defendant, Jamar Christian, is a person in Orange County, Florida and is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a (6).

## FACTS COMMON TO ALL COUNTS

7. The Plaintiff allegedly incurred a "debt" for a cash advance from Norfolk Bank for a personal credit card which is a consumer debt as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. That debt was later transferred or assigned to the Defendant, GOODMAN AND STERN, LLC for the purpose of collection.

8. Beginning in May 2013 an agent or employee of the Defendant, Jamar Christian, began relentlessly calling the Plaintiff to collect the debt.

9. On May 7, 2013, an agent or employee of the Defendant, Jonathan Strickler, left her a message from phone number 877-212-9618 stating he was from the Civil Department of Goodman and Stern Associates.

10. On May 12, 2013, an agent or employee of the Defendant, Jonathan Strickler, called the Plaintiff and told her that she had defrauded a cash advance from Norfolk Bank in July 2008 in the amount of 2008. The collector told her this was a criminal offense with eight years of jail time.

11. Upon further research and communication with Norfolk Bank, no balance was owed and the account had been closed since 2006.

12. In June 2013, the Plaintiff reported the abusive collection practices to the Florida Office of Financial Regulation.

13. The above-detailed conduct by the Defendant of harassing the Plaintiff in an effort to collect a consumer debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and resulted in actual damages to the Plaintiff.

14. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with her family members.

15. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendants are debt collectors as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The foregoing acts and omissions of Defendants and their agents by threatening arrest and eight years jail constitute numerous and multiple violations of the FDCPA

including but not limited to 15 U.S.C § 1692d, (Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection); 15 U.S.C § 1692e(1) (affiliated with the United States), 15 U.S.C § 1692e(2) misrepresented the legal status of the debt, 15 U.S.C § 1692e(4), (represented that nonpayment would result in seizure or garnishment), 15 U.S.C § 1692e(5) (threaten to take any action that cannot legally be taken), and15 U.S.C. §1692f, (Any unfair or unconscionable means to collect the alleged debt with respect to the Plaintiff.)

18. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k (a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO:

## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

20. By abusively contacting the Plaintiff and threatening arrest and eight years jail time when the Defendant had no legal right to take such action, the Defendant has violated the FCCPA by:

   a. ...willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; Fla. Stat. §559.72(7);

    b. Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. §559.72(9);

    c. Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not. Fla. Stat. §559.72(10);

21. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

22. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

    WHEREFORE, Plaintiff, demands judgment against Defendants for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                MAX STORY, P.A.

                */s/ Max Story*
                MAX STORY, ESQ.
                Florida Bar No. 527238
                328 2nd Avenue North, Suite 100
                Jacksonville Beach, FL  32250
                Telephone: (904) 372-4109
                Facsimile: (904) 758-5333
                max@maxstorylaw.com
                Attorney for Plaintiff